UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Mia Iva Salinovic,

                  Plaintiff,

   v.

AutoExpo Ent. Inc. d/b/a Great Neck Suzuki,

                  Defendant.

Civil Action No. CV-12-1364

COMPLAINT

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 19 2012 ★
BROOKLYN OFFICE

SEYBERT, J.

For this Complaint, Plaintiff, Mia Iva Salinovic, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1.     On or about November 17, 2011, Mia Iva Salinovic purchased a 2007 Volkswagen Jetta from AutoExpo Ent. Inc. d/b/a Great Neck Suzuki. The Plaintiff agreed to a purchase price of $15,000.00, paid a $2,000.00 downpayment, and financed the remainder. However, the Defendant overstated the finance charges by $4,227.09 and inflated the loan downpayment amount which skewed the actual annual percentage rate to from 24.99% to 19.96%. The Plaintiff now seeks relief for Defendant's breaches of the Truth in Lending Act, 15 U.S.C. § 1602 *et seq.*, Law of Usury, N.Y. G.O.L. §§ 5-501 & 5-531, General Business Law § 349, New York McKinney's Uniform Commercial Code § 1-203 and common law fraud.

**JURISDICTION AND VENUE**

2.  This court has federal question jurisdiction over this matter pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1602 *et seq.* This court also has jurisdiction over this matter pursuant

to 15 U.S.C. § 1640(e), and the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

      3.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District and Defendant is subject to personal jurisdiction in this District.

**PARTIES**

      4.     The Plaintiff, Mia Iva Salinovic, is an individual residing in Long Island City, New York.

      5.     Defendant AutoExpo Ent. Inc. d/b/a Great Neck Suzuki, (the "Dealership") is a New York business entity with a principle place of business at 46 Northern Blvd, Great Neck, New York 11021.  The Dealership is engaged in the business of advertising, selling, and registering motor vehicles within the jurisdiction of this Court.

**STATEMENT OF FACTS**

      6.     Shortly before November 16, 2011, the Plaintiff visited the Dealership to look at several used cars located on the Dealership's lot.

      7.     The Dealership steered the Plaintiff towards a 2007 Volkswagen Jetta, Vehicle Identification Number 3VWEG71K77M115760 (the "Vehicle"), stating that due to the Vehicle's low mileage of about 33,000 miles it would only be able to secure financing for that particular vehicle.

      8.     Plaintiff agreed to a purchase price of $15,000.00, completed the documents to apply for a loan to finance the balance of the Vehicle's purchase price,  and paid $100.00 deposit.

2

9.     On November 16, 2011, Plaintiff returned to the Dealership and paid $1,900.00 as a downpayment for the Vehicle, for a total of $2,000.00.

10.    Further, in connection with her purchase of the Vehicle the Dealership presented and Plaintiff signed a Retail Installment Contract ("Finance Agreement").

11.    AutoExpo Ent. Inc. d/b/a Great Neck Suzuki is identified in the Finance Agreement as the "Creditor and Seller of the Vehicle."

12.    The Dealership told the Plaintiff that in order to secure financing Plaintiff had to purchase the warranty coverage for the Vehicle at a cost of $2,000.00.

13.    The Finance Agreement set forth a "Selling Price" of $21,110.99, which consists of the Vehicle price of $19,227.09, plus sales tax in the amount of $1,883.90.

14.    Further, the Finance Agreement shows that Plaintiff was charged a "Registration / Inspection Fee" of $217.00, a "Dealer Fee" of $75.00, and "Service Contract" of "$2,000.00."

15.    Further, the Finance Agreement reflected that Plaintiff allegedly paid $6,000.00 as a down payment for the Vehicle.

16.    After adding the fees to the Vehicle price, and applying the alleged downpayment of $6,000.00, the Finance Agreement reflected an Amount Financed as $17,402.99.

### *The Interest Disclosures*

17.    The Finance Agreement presented to the Plaintiff and prepared by or on behalf of the Defendant disclosed a total "Finance Charge" of $6,341.97 based upon 72-month financing of $17,402.99 at the "Annual Percentage Rate" of 24.99%.

18.    The Finance Agreement presented to the Plaintiff and prepared by or on behalf of the Defendant disclosed a "Total Sales Price," *i.e.* the total cost of the Plaintiff's purchase on

3

credit, of $39,744.96, with "Total of Payments," after crediting alleged $6,000 of the Plaintiff's downpayment, amounting to $33,744.96.

19.    In accordance with the foregoing, the Defendant's Finance Agreement contained the following TILA disclosures:

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled | The total cost of your purchase on credit, including your own payment of $6,000.00 is |
| 24.99 % | $6,341.97 | $17,402.99 | $33,744.96 | $39,744.96 |

20.    The Plaintiff was presented with a Finance Agreement requiring payment of $6,000 followed by 72 monthly payments of $468.68, for a total payment obligation of $39,744.96.

### *The Truth About the Loan*

21.    Incident to the extension of credit by the Defendant to the Plaintiff, fees and charges amounting to $10,569.06 were imposed upon the Plaintiff, none of which would have been charged in a comparable cash transaction.

22.    In truth, the finance charge imposed upon the sale of the Vehicle to the Plaintiff amounted to $10,569.06, comprised of disclosed finance charges of $6,341.97 and additional fees and charges in the amount of $4,227.09 as follows:

(a)    Overstated Vehicle purchase price by $2,227.09;

(b)    Unlawful Service Contract charge of $2,000.00.

4

23.    In truth, the amount financed was $14,623.25.

24.    In truth, the Annual Percentage Rate charged to the Plaintiff was 19.96%.

25.    Had the true facts been disclosed in the Plaintiff's Finance Agreement, the disclosure summary would have read as follows:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. | TOTAL SALE PRICE The total cost of your purchase on credit, including your own payment of $2,000.00 is |
|---|---|---|---|---|
| 19.96% | $10,569.06 | $14,623.25 | $25,192.31 | $27,192.31 |

### FIRST COUNT

### (Violation of 15 U.S.C. § 1602 et seq. – Truth in Lending Act)

26.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.    At all times relevant hereto, the Dealership regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

28.    15 U.S.C. § 1638 provides that the creditor shall disclose the "amount financed," the "finance charge," the "annual percentage rate," as well as other items so that the consumer can make an informed decision regarding the credit being offered.

5

29. The disclosures contained in the retail installment contract signed by the Plaintiff are inaccurate and false, and therefore violate the TILA and Regulation Z.

30. The Defendant failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

31. The Defendant failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

32. The Defendant failed to include in the finance charge certain charges imposed by Defendant and payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to:

    (a) Inflated Vehicle purchase price by $2,227.09, 15 U.S.C § 1605(a) and Regulation Z § 226.4(b)(6);

    (b) Service agreement of $2,000.00 as condition to extension of credit, 15 U.S.C. § 1605(a)(2) and Regulation Z § 226.4(b)(2).

33. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C § 1606, Regulation Z § 226.22, the Defendant disclosed incorrectly the annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

34. As a result of the false and inaccurate information conveyed by the Defendant through the Installment Contract, the Plaintiff was deprived of any meaningful opportunity to review the terms of the credit being offered.

6

35.     As a result of these violations of TILA, the Defendant is liable to the Plaintiff for the amount twice the finance charge, actual damages, punitive damages  costs and attorney fees.

## SECOND COUNT
### (Violations of N.Y. G.O.L. §§ 5-501 & 5-531 – Law of Usury)

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The maximum annual legal rate of interest with respect to consumer financing transactions under the laws of the State of New York is fixed at sixteen (16%) percent (the "Maximum Interest Rate").

38.     The finance charges charged to the Plaintiff under the Finance Agreement exceed the Maximum Interest Rate.

39.     The Finance Agreement is void under N.Y. G.O.L. § 5-511.

40.     The Plaintiff is entitled to recover all amounts paid to the Defendant on account of finance charges in excess of the Maximum Interest Rate.

## THIRD COUNT
### (Violation of General Business Law § 349 – Deceptive Sales Practice)

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     General Business Law § 349 prohibits the use of deceptive or unfair practices in connection with the sale of an automobile to a consumer.

43.     The Dealership's violations of the Truth in Lending Act constitute deceptive or unfair practices under Section 349.

44.     The various misrepresentations and improper disclosures set forth above were materially misleading and the Plaintiff has suffered actual injury as a result.

45.     The Plaintiff is entitled to damages and attorneys' fees as a result of the Dealership's violation of Section 349.

46.     By virtue of the Dealership's misleading and deceptive practices, the Plaintiff is paying considerably more for the Vehicle than agreed upon, financing the amount in excess of the amount the Plaintiff would have been paying had it not been for the Dealership's conduct.

47.     Thus, the Plaintiff has been and continues to be damaged as a result of the Dealership's deceptive and misleading practices.

48.     The Plaintiff hereby demands that all attorneys' fees, costs and other fees of this action be borne by the Defendant and that the Court award Plaintiff punitive damages in an amount to be determined at trial.

## FOURTH COUNT
### (Breach of Good Faith and Fair Dealing Obligation Pursuant to New York McKinney's Uniform Commercial Code § 1-203)

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     By misrepresenting material facts and omitting material facts, the Dealership did not perform its obligations to the Plaintiff in good faith and therefore violated New York McKinney's UCC §1-203.

8

51.     The actions of the Dealership as described in this Complaint constitute a breach of the good faith requirement and as a proximate result the Plaintiff has sustained the damages set forth herein.

## FIFTH COUNT

### (Fraud or Misrepresentation)

52.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The Dealership induced the Plaintiff to purchase the Vehicle by the misrepresentation of material facts and omission of material facts, namely by: (1) misrepresenting the purchase price of the Vehicle; and (2) failing to notify the Plaintiff that the Dealership increased the purchase price of the Vehicle; and (3) misrepresenting that Plaintiff had to purchase a Vehicle Service Contract to secure financing.

54.     The Dealership knew such representations to be false, or it made those representations recklessly, or the Dealership had no reasonable grounds for believing those representations were true.  The Dealership also knew that its omissions were material and important.

55.     The Dealership intended to deceive the Plaintiff and intended that the Plaintiff would rely upon its representations, which the Plaintiff did, to the Plaintiff's detriment, suffering damages as a result.

56.     The Plaintiff is entitled to monetary and punitive damages.

9

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

(a)     Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiff on the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;

(b)     Statutory damages of twice the finance charge, with a minimum of $100.00 and a maximum of $1,000.00;

(c)     Incidental damages and consequential damages;

(d)     Treble damages;

(e)     Reasonable attorneys' fees; and

(f)     Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 14, 2012

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

10